# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>           Plaintiff,<br><br>     v.<br><br>MS. CHEEK, *et al.*,<br><br>           Defendants. | Case No.  1:24-cv-0691-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS<br><br>(ECF No. 18) |

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend or to notify the Court that he was willing to proceed on cognizable claims.  Plaintiff filed a first amended complaint which is currently before the Court for screening.  (ECF No. 18.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California State Prison, Los Angeles County in Lancaster, California.  Plaintiff alleges the events in the complaint occurred at North Kern State Prison ("NKSP").  Plaintiff names as defendants: (1) Ms. Cheek, nurse, (2) Okri, nurse, (3) "Alverez," correctional officer.

On 5/24/24, Plaintiff told Nurse Cheek that Plaintiff had a sharp metal object and was in a suicidal mindset and was going to use the metal object to try and kill himself.  Nurse Cheek was the nurse responsible for Plaintiff's safety and medical care. She had full knowledge of Plaintiff's plan to kill himself.  Nurse Cheek laughed at Plaintiff and told Plaintiff to slice his wrist the long way so there would be a lot of blood.  She denied Plaintiff medical care when Plaintiff said that he was going to kill himself and even encouraged Plaintiff when she told Plaintiff to slice the long ways. She was supposed to get Plaintiff medical care to ensure his safety. Once Plaintiff showed Nurse Cheek the metal object Plaintiff was going to use, she taunted Plaintiff to do it.  Once he told her, she was supposed to follow protocol and get Plaintiff immediate medical care to keep Plaintiff safe. As a result of Nurse Cheek's deliberate indifference, Plaintiff sliced his wrist open. She then said "why did you do that!" after she had taunted Plaintiff to slice his wrist.

On 5/28/24, Plaintiff alerted Nurse Okri and correctional officer Alverez that Plaintiff was going to use the sharp metal object that Plaintiff found in the shower to slice his wrist open in an attempt to commit suicide. Both Okri and Alverez laughed at Plaintiff and made no attempt to help Plaintiff. Plaintiff then sliced his wrist open and cut himself.  It is CDCR policy that once staff has knowledge that an inmate in a mental health crisis bed is trying to kill himself and is armed with the sharp metal object, they are to sound the alarm and intervene by coming inside the cell, disarm the inmate and place him in a place where he cannot harm himself.  When Plaintiff told Okri and Alverez that Plaintiff was going to kill himself, Plaintiff showed them the weapon he was going to use. At that point, to protect Plaintiff's safety, they were supposed to sound the alarm and stop Plaintiff from harming himself, not laugh at Plaintiff. The reason Plaintiff was in MACB was because Plaintiff was feeling suicidal so they should have helped Plaintiff.

As remedies, Plaintiff seeks damages.

**III.     Discussion**

**Eighth Amendment - Failure to Protect**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. The failure of prison officials to protect inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

3

must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

Liberally construing the allegations, Plaintiff states a cognizable claim against Ms. Cheek for her conduct for knowing Plaintiff would cut himself, and then telling Plaintiff to cut himself, when Plaintiff called Ms. Cheek over on 5/24/24. Similarly, Plaintiff sates a claim against nurse Okri and correctional officer Alverez for the similar event on 5/28/24.

**Eighth Amendment – Denial of Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Liberally construing the allegations at the pleading stage, Plaintiff has alleged facts that he

was in serious medical need and that the response by Defendants Cheek, Okri and Alverez were deliberately different. Plaintiff told each defendant he would slit his writ, showed each defendant the sharp metal object, and Cheek, Okri and Alverez did not provide medical care. Plaintiff then slit his wrist.

**Title 15 and Policy Violation**

To the extent that any Defendant has not complied with applicable state statutes or prison regulations for failure to follow procedures, these deprivations do not support a claim under §1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

**IV.     Conclusion and Order**

Based on the above, the Court finds that Plaintiff's first amended complaint states cognizable claims against the Defendants for violation of the Eighth Amendment, as discussed above.

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on December 12,

2024, against Ms. Cheek, nurse, Okri, nurse, and Alverez, correctional officer for violation of the Eighth Amendment, and

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated: **December 20, 2024**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE