1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | Case No.  1:24-cv-00691-BAM (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY DEFENDANT OKRI SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE |
| v. | |
| CHEEK, *et al.*, | |
| Defendants. | (ECF No. 20) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Cheek, Okri, and Alverez for failure to protect and denial of medical care in violation of the Eighth Amendment.

On December 23, 2024, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 20.)  The order included the following information regarding Defendant Okri: "Mr. Okri, Nurse; NKSP; on or about May 28, 2024." (*Id.* at 2.)  On January 3, 2025, the Court received information that Defendant Okri could not be identified.

///

///

1

1    Federal Rule of Civil Procedure 4(m) provides as follows:

2
     If a defendant is not served within 120 days after the complaint is filed, the
3    court—on motion or on its own after notice to the plaintiff—must dismiss the
     action without prejudice against that defendant or order that service be made
4    within a specified time.  But if the plaintiff shows good cause for the failure, the
     court must extend the time for service for an appropriate period.
5

6  Fed. R. Civ. P. 4(m).

7        In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the

8  court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro

9  se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

10  summons and complaint, and . . . should not be penalized by having his or her action dismissed

11  for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the

12  duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So

13  long as the prisoner has furnished the information necessary to identify the defendant, the

14  marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d

15  1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115

16  (1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and

17  sufficient information to effect service of the summons and complaint, the Court's *sua sponte*

18  dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

19        Here, the U.S. Marshal attempted to electronically serve Defendant Okri with the

20  information that Plaintiff provided.  However, the Marshal was informed that there was not

21  enough information to identify Defendant Okri for service of process, and there is no one in the

22  CCHCS registry with this name.  If Plaintiff is unable to provide the Marshal with the necessary

23  information to identify and locate this defendant, Defendant Okri shall be dismissed from this

24  action, without prejudice.

25        Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause

26  why Defendant Okri should not be dismissed from the action at this time.  Plaintiff may respond

27  to this order by providing additional information that will assist the Marshal in identifying

28  Defendant Okri for service of process.  For example, Plaintiff may provide the correct spelling of

1   Defendant Okri's name, an approximate time or shift when the incident took place, a building

2   number or facility where the incident took place, or other identifying physical features for

3   Defendant Okri.

4       Based on the foregoing, it is HEREBY ORDERED that:

5    1.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause

6       why Defendant Okri should not be dismissed from this action; and

7    2.   **The failure to respond to this order or the failure to show cause will result in the**

8       **dismissal of any unidentified defendant from this action, due to Plaintiff's failure to**

9       **serve process pursuant to Federal Rule of Civil Procedure 4(m).**

10

11   IT IS SO ORDERED.

12    Dated:    **January 6, 2025**          /s/ *Barbara A. McAuliffe* _

13                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28