# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>         Plaintiff,<br><br>    v.<br><br>CHEEK, *et al.*,<br><br>         Defendants. | Case No.  1:24-cv-00691-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY<br><br>(ECF No. 39) |

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cheek, Orcullo, and Alvarez[1] ("Defendants") for failure to protect and denial of medical care in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 32.)

Pursuant to the Court's April 21, 2025 discovery and scheduling order, discovery is proceeding in this action.  (ECF No. 38.)

Currently before the Court is Plaintiff's motion for discovery, filed May 12, 2025.  (ECF No. 39.)  In his motion, Plaintiff requests that Defendants mail him certain medical records, pictures, video footage, and CDCR policies.  Plaintiff requests a court order granting him access to all materials requested.  Plaintiff also states that because Defendants did not accept his previous settlement offer, he would like to know if the parties are eligible for a speedy trial via a Magistrate Judge, and if so he would like to move to have a speedy trial before the undersigned.  (*Id.*)

---

[1] Erroneously sued as "Okri" and "Alverez."

1    Defendants have not yet had the opportunity to respond, but the Court finds a response
2  unnecessary. The motion is deemed submitted. Local Rule 230(l).
3    Plaintiff's motion for discovery is denied, as unnecessary. As explained in the Court's
4  April 21, 2025 discovery and scheduling order, "Discovery requests shall be served by the parties
5  pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and
6  responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and
7  250.4." (ECF No. 38, p. 1.) Based on Plaintiff's motion for discovery, it does not appear
8  Plaintiff has yet requested documents or other materials directly from Defendants. Plaintiff is
9  reminded that discovery requests for Defendants should be served directly on Defendants, and
10 should not be filed with the Court unless the requests are at issue (such as in support of a motion
11 to compel). To the extent Plaintiff seeks a court order granting him access to such documents, the
12 Court's April 21, 2025 discovery and scheduling order allows Plaintiff to request these
13 documents and other materials from Defendants. If Plaintiff is then dissatisfied with Defendants'
14 responses, he may wish to file a motion to compel further or amended responses at that time.
15    As to Plaintiff's request for a speedy trial in this matter, Plaintiff is reminded that this case
16 will proceed pursuant to the deadlines set forth in the Court's April 21, 2025 discovery and
17 scheduling order. If this matter is not resolved through a settlement or resolution of a dispositive
18 motion, then the action will be set for a trial. The Court will advise Plaintiff at that time whether
19 the case will remain before the undersigned or if it will be assigned to another judge.
20    Accordingly, Plaintiff's motion for discovery, (ECF No. 39), is HEREBY DENIED, as
21 unnecessary. Discovery shall proceed as outlined in the Court's April 21, 2025 discovery and
22 scheduling order.

IT IS SO ORDERED.

Dated:   **May 13, 2025**              /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE