# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | Case No.  1:24-cv-00691-FRS (BAM) (PC) |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S NOTICE TO COURT AS MOTION FOR PRELIMINARY INJUNCTION (ECF No. 43) |
| v. | |
| CHEEK, et al., | |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 43) |

## I.    Procedural Background

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cheek, Orcullo, and Alvarez ("Defendants") for failure to protect and denial of medical care in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 32.)

On December 29, 2025, Plaintiff filed a notice with the Court, alleging that on December 9, 2025, during pill call and at the direction of a correctional officer, they[1] were jumped by six inmates and suffered four facial fractures due to a letter sent involving Defendant Cheek.  (ECF No. 43.)  Plaintiff sought assistance, which the Court construed as a motion for preliminary

---

[1] Defendants stated that Plaintiff indicated a preference for they/them pronouns during their November 24, 2025 deposition.  (ECF No. 46, p. 1, n.1.)  Plaintiff should inform the Court if this is incorrect, and state any preferred pronouns to be used in future proceedings in this action.

injunction.  (ECF No. 44.)  The Court directed Defendants to file a response to Plaintiff's motion addressing Plaintiff's allegations and whether there are any active concerns for Plaintiff's safety. (*Id.*)

Defendants filed a response on January 26, 2026.  (ECF No. 46.)  Defendants state that after Plaintiff's transfer to Kern Valley State Prison ("KVSP"), Plaintiff started several inmate fights, before he was assaulted by rival gang members.  After that incident, an investigation was conducted, and Plaintiff was rehoused based upon enemy concerns pending imminent transfer to another prison.  Defendant Cheek works at a different prison and did not direct, facilitate, or encourage the attack.  Defendants further contend that the Court lacks jurisdiction to grant relief, as the incident giving rise to this case occurred at North Kern State Prison and involves staff there, while Plaintiff is now housed at KVSP.  This lawsuit involves Defendants' alleged failure to prevent Plaintiff's suicide attempt, while the current allegations involve setting up an assault by other inmates.  (*Id.*)

Although Plaintiff has not yet had the opportunity to file a reply, the Court finds a reply unnecessary.  Plaintiff's motion for a preliminary injunction is deemed submitted.  Local Rule 230(l).

## II.    Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the Court to grant any injunctive relief. Although Plaintiff's complaint has been screened and found to state cognizable claims, this does not mean that Plaintiff has shown a likelihood of success on the merits.  Further, Plaintiff's unsupported allegation that the assault by other inmates was done at the request of a defendant in this action does not create a sufficient connection to the claims at issue in this action.  *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.")

To the extent Plaintiff believes they may be in danger, or that they have suffered or will suffer further violations of their constitutional rights, they have other avenues of relief available to them, including filing a petition for writ of habeas corpus in state court.  *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities).  The issue is not that Plaintiff's allegations are not serious or that they are not entitled to relief if sought in the proper forum.  The issue is that this action cannot be used by Plaintiff obtain the relief sought.  The seriousness of Plaintiff's allegations concerning feared past or future harm cannot and do not overcome what is a

jurisdictional bar. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Finally, Plaintiff's motion fails to specify what relief is sought. Pursuant to the Prison Litigation Reform Act, any relief granted must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's filing does not provide any information as to the scope or type of relief Plaintiff seeks through this motion, and the Court cannot simply grant a request for unspecified and unlimited injunctive relief.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's December 29, 2025 notice to the Court, (ECF No. 43), is CONSTRUED as a motion for preliminary injunction; and

2.  Plaintiff's motion for preliminary injunction, (ECF No. 43), is DENIED.

IT IS SO ORDERED.

Dated:    **January 28, 2026**                    /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE

4