# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | Case No. 1:24-cv-00691-FRS (BAM) (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PUT ON RECORD MY LIFE BEING ENDANGERED DUE TO A PROMISE OF SETTLEMENT MONEY |
| v. | |
| CHEEK, et al., | |
| Defendants. | (ECF No. 54) |

## I.    Procedural Background

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cheek, Orcullo, and Alvarez ("Defendants") for failure to protect and denial of medical care in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 32.)

On March 16, 2026, Plaintiff filed a "Motion to Put on Record My Life Being Endangered Due to a Promise of Settlement Money."  (ECF No. 54.)  Plaintiff requests that the Court investigate alleged conspiracies to murder them[1] by various individuals inside and outside of prison, so that another inmate can receive the settlement money from Plaintiff's pending lawsuits. (*Id.*)  Plaintiff previously has filed requests to place similar allegations "on the record" or requesting similar investigations.  (ECF Nos. 43, 48.)

---

[1] Defendants stated that Plaintiff indicated a preference for they/them pronouns during their November 24, 2025 deposition.  (ECF No. 46, p. 1, n.1.)  Plaintiff should inform the Court if this is incorrect, and state any preferred pronouns to be used in future proceedings in this action.

1

The Court construes the instant request as another motion for preliminary injunction. Although Defendants have not yet had the opportunity to file a response, the Court finds a response unnecessary.  Plaintiff's motion is deemed submitted.  Local Rule 230(l).

**II.    Discussion**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

As Plaintiff was previously and repeatedly informed, (ECF Nos. 43, 47, 50), Plaintiff has not met the requirements for the Court to grant any injunctive relief.  Although Plaintiff's

complaint has been screened and found to state cognizable claims, this does not mean that Plaintiff has shown a likelihood of success on the merits.  Further, Plaintiff's vague and unsupported allegations regarding their past and current treatment in prison do not create a sufficient connection to the claims at issue in this action.  *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.")

To the extent Plaintiff believes they may be in danger, or that they have suffered or will suffer further violations of their constitutional rights, they have other avenues of relief available to them, including filing a petition for writ of habeas corpus in state court.  *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities).  The issue is not that Plaintiff's allegations are not serious or that they are not entitled to relief if sought in the proper forum.  The issue is that this action cannot be used by Plaintiff obtain the relief sought.  The seriousness of Plaintiff's allegations concerning feared past or future harm cannot and do not overcome what is a jurisdictional bar.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

**III.    Order**

Accordingly, Plaintiff's March 16, 2026 motion, construed as a motion for preliminary injunction, (ECF No. 54), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:    **March 23, 2026**                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE