UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES, | Case No.  1:24-cv-00691-FJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STOP ALL COURT PROCEEDINGS OR TO BE KEPT IN ADMINISTRATIVE SEGREGATION |
| v. | |
| CHEEK, et al., | |
| Defendants. | (ECF Nos. 57, 58) |

I.      PROCEDURAL BACKGROUND

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cheek, Orcullo, and Alvarez ("Defendants") for failure to protect and denial of medical care in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 32.)  This action is currently stayed and is set for a video settlement conference on May 8, 2026.  (ECF No. 51.)

On March 23, 2026, Plaintiff filed a motion to stop all court proceedings in all their[1] cases in this court.  (ECF Nos. 57, 58.)[2]  Plaintiff states that they are to be released from custody on

---

[1] Defendants state that Plaintiff indicated a preference for they/them pronouns during their November 24, 2025, deposition.  (ECF No. 46, p. 1, n.1.)  Plaintiff should inform the Court if this is incorrect, and state any preferred pronouns to be used in future proceedings in this action.

[2] The same motion was inadvertently docketed twice.

1

July 28, 2026, and asks for a suspension of all proceedings in their cases until November 2026, due to lack of resources and allegations that CDCR is attempting to force Plaintiff to drop their lawsuits by using inmates to attack Plaintiff.[3]  (*Id.* at 2.)  Plaintiff goes on to request, in what appears to be a later addition to the original motion, that the Court "grant a motion" for Plaintiff to be kept in Administrative Segregation until their release date of July 12, 2026, due to Plaintiff's life being in danger.  (*Id.* at 6.)  Plaintiff further asks that the Court not halt any of their proceedings.  (*Id.*)  Plaintiff further confirms their intent to proceed with settlement negotiations in this action and has expressed their willingness to consider settlement of all their pending cases in the Eastern District.  (*Id.* at 7–8.)

Notwithstanding that Plaintiff appears to withdraw their request for a stay of their cases in the same motion, the request for a stay is denied with respect to this action because this action is already stayed pending the May 8, 2026, settlement conference.  (ECF No. 51.)

To the extent Plaintiff requests an order to be held in Administrative Segregation pending their release date, the Court construes the request as a motion for preliminary injunctive relief.  Although Defendants have not yet had the opportunity to file a response, the Court finds a response unnecessary.  Plaintiff's motion is deemed submitted.  Local Rule 230(l).

II.      DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

---

[3] Plaintiff has previously raised similar allegations regarding inmate attacks against them.  (ECF Nos. 43, 48, 54.)

2

have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

As Plaintiff was previously and repeatedly informed, (ECF Nos. 43, 47, 50, 56), Plaintiff has not met the requirements for the Court to grant injunctive relief. Although Plaintiff's complaint has been screened and found to state cognizable claims, this does not mean that Plaintiff has shown a likelihood of success on the merits. Further, Plaintiff's vague and unsupported allegations regarding their past and current treatment in prison do not create a sufficient connection to the claims at issue in this action. *Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.")

To the extent Plaintiff believes they may be in danger, or that they have suffered or will suffer further violations of their constitutional rights, they have other avenues of potential relief available to them, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's

allegations are not serious or that they are not entitled to relief if sought in the proper forum.  The issue is that Plaintiff cannot use *this* lawsuit to obtain the relief sought.  The seriousness of Plaintiff's allegations concerning feared past or future harm cannot and do not overcome what is a jurisdictional bar.  *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

III.    ORDER

Accordingly, Plaintiff's motion to stop all court proceedings or to be kept in administrative segregation, (ECF Nos. 57, 58), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    **April 1, 2026**

_____
FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE