UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTWONE STOKES,

Plaintiff,

v.

CHEEK, *et al.*,

Defendants.

Case No.: 1:24-cv-00691-FJS (PC)

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS REGARDING STATUS OF SETTLEMENT
(ECF Nos. 70, 71)

ORDER CONSTRUING PLAINTIFF'S NOTICE AS MOTION TO ENFORCE SETTLEMENT AGREEMENT
(ECF No. 73)

ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AS PREMATURE
(ECF No. 73)

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 8, 2026, a settlement conference was held before Magistrate Judge Stanley A. Boone. The case was settled and the parties were directed to file dispositive documents. (ECF Nos. 63, 65.)

On May 11, 2026, Defendants filed a notice of settlement. (ECF No. 66.) On May 12 and May 13, 2026, Plaintiff and counsel for Defendants filed stipulations to dismiss all claims in this action, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF Nos. 67, 68.) Pursuant to those stipulations, the action was closed on May 15, 2026. (ECF No. 69.)

On June 29 and July 6, 2026, Plaintiff filed several motions regarding the status of the settlement, stating he had not yet received the settlement funds and expressing concern that he would be unable to receive the funds due to his upcoming parole date. (ECF Nos. 70, 71.) The court directed Defendants to file a brief response to Plaintiff's motions, specifically providing any relevant information regarding the processing and handling of Plaintiff's settlement funds should payment not occur before Plaintiff's upcoming parole date. (ECF No. 72.)

On July 20, 2026, Plaintiff filed a status report indicating that he was under the impression that CDCR was going to pay the settlement funds by June 20, 2026, but he has not received the funds. (ECF No. 74.) Plaintiff also states that he received a payee data request from defense counsel but appears to state that he gave the document to his neighbor when he was sent to administrative segregation. Plaintiff states that it has been almost three months and he has not been paid, and he is 60 days to his freedom. (*Id.*)

On July 21, 2026, Defendants filed a response indicating that, according to the settlement agreement, as described on the record and in the written agreement, CDCR must make a good-faith effort to pay the settlement within 180 days of receiving the last signed document. (ECF No. 73.) As the last signed document was received May 19, 2026, the settlement payment is due November 13, 2026. Defense counsel sent multiple letters to Plaintiff regarding the settlement agreement and explained that if Plaintiff paroles before the funds are processed, Plaintiff will need to send defense counsel an updated Payee Data Record form. This process was also explained to Plaintiff at the settlement conference. Defense counsel sent Plaintiff a blank Payee Data Record form to fill out if he paroles before the settlement funds are processed. As of July 10, 2026, the settlement payment is still on track to be paid prior to the 180-day deadline. (*Id.*)

Plaintiff's motions regarding the status of the settlement are granted, pursuant to the above discussion. The settlement funds are being processed according to the terms agreed to by the parties and are on track to be paid prior to the 180-day deadline.

To the extent Plaintiff's July 20, 2026, notice alleges that Plaintiff was promised the settlement funds would be paid by June 20, 2026, the court construes the filing as a motion to enforce the settlement agreement. That motion is denied as premature. There is no evidence in the

record that CDCR or defense counsel promised Plaintiff to pay the settlement funds by June 20, 2026. The settlement agreement between the parties states that the settlement amount will be paid out within 180 days of receiving the last signed document. The last signed document was received on May 19, 2026. (ECF No. 73 at 3.) Hence, the 180 days have not yet expired. If Plaintiff is paroled before the settlement funds are processed, defense counsel already provided Plaintiff with the appropriate paperwork to send to defense counsel and information regarding how to obtain the settlement funds after he is paroled.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions regarding status of settlement, (ECF Nos. 70, 71), are GRANTED by the instant order;
2. Plaintiff's July 20, 2026, notice regarding funds, (ECF No. 74), is CONSTRUED as a motion to enforce the settlement agreement; and
3. Plaintiff's motion to enforce the settlement agreement, (ECF No. 74), is DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE